UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAN ROADHOUSE,

        Plaintiff,

v.

LAS VEGAS METROPOLITAN
POLICE DEPARTMENT, et al.,

        Defendants.

2:09-CV-33 JCM (LRL)

**ORDER**

      Presently before the court is defendant Clark County's motion for attorney's fees. (Doc. #77). Plaintiff Dan Roadhouse responded (Doc. #82) to this motion and Clark County replied (Doc. #83).

      Plaintiff's complaint alleges Clark County violated plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983. This complaint arose out of an incident in which plaintiff was arrested on allegation of reckless driving and strip searched at the Clark County Detention Center ("CCDC"). Plaintiff alleged that Clark County was liable because Nevada Revised Statute ("N.R.S.") section 211.010 imposed a non-delegable duty on Clark County to ensure that the terms and conditions of confinement for the inmates in CCDC were compliant with constitutional mandates. On December 11, 2009, the court granted summary judgment for Clark County. Clark County now argues that plaintiff's claims were legally frivolous and, therefore, an award of attorney's fees is appropriate.

      42 U.S.C. § 1988(b) grants courts the discretion to award attorney's fees to the prevailing party in § 1983 cases. However, attorneys' fees in civil rights cases should only be awarded to a

**James C. Mahan**
**U.S. District Judge**

1  defendant in exceptional circumstances. *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990). A defendant may recover attorney's fees if the plaintiff's action was "frivolous, unreasonable, or without foundation." *Id.* (citing *Hughes v. Rowe*, 449 U.S. 5, 1987).

In order to support its motion for attorney's fees, Clark County points out that plaintiff already filed a similar complaint against Clark County in 2008, which plaintiff ended up voluntarily dismissing. Plaintiff voluntarily dismissed the 2008 case after Clark County moved to dismiss it based on chapter 280 of the N.R.S. Clark County argued that chapter 280 states Las Vegas Metropolitan Police Depatment ("LVMPD") is the responsible entity for operating CCDC and is the entity liable for any claims arising out of alleged conduct of LVMPD correctional officers.

Nine months after dismissing the 2008 case, plaintiff filed this case against Clark County and several other defendants. Clark County argues that plaintiff should have recognized he did not have a valid claim against Clark County as a result of the arguments set forth in its motion to dismiss for the 2008 case. However, in the case at hand, plaintiff alleged a new theory based on Clark County's non-delegable duty pursuant to N.R.S. section 211.010. Therefore, plaintiff did not re-file the exact case against Clark County. Rather, plaintiff attempted to argue a new theory of liability in the case at hand, although unsuccessfully.

Additionally, Clark County represents that chapter 280 makes it perfectly clear that it is not liable for the actions of a correctional officer of CCDC. Although it may appear clear to Clark County, plaintiff should not be prevented from attempting to creatively craft an argument to suggest otherwise. Ultimately plaintiff's argument and interpretation of N.R.S. section 211.010 failed; however, the court cannot say the argument is groundless or frivolous.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant Clark County's motion for attorney's fees  (Doc. #77) be, and the same hereby is, DENIED.

DATED May 12, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -