1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAN ROADHOUSE,                          2:09-CV-33 JCM (LRL)

         Plaintiff,

v.

LAS VEGAS METROPOLITAN
POLICE DEPARTMENT, et al.,

        Defendants.

**ORDER**

      Presently before the court is plaintiff Dan Roadhouse's motion to set aside the clerk's bill of costs. (Doc. #128). Defendant Clark County filed an opposition to the motion, (doc. #133), and plaintiff replied. (Doc. #141).

      On January 6, 2009, plaintiff filed the complaint in this court against defendants Clark County, the City of Las Vegas, the Las Vegas Metropolitan Police Department ("LVMPD"), Douglas C. Gillespie, Roderick Jett, Raymond J. Flynn, Mike McClary, Ted Moody and Bill Young. (Doc. #1). The complaint alleges that a detention facility's official search policy is in violation of the Fourth Amendment of the United States Constitution and Article I, § 18 of the Nevada Constitution.

      This claim arose from a strip search performed on plaintiff Roadhouse after he was arrested for reckless driving and before his admission into a Clark County detention center operated by the LVMPD. Defendant Clark County was awarded summary judgment because it is an entity distinct from the LVMPD and would not have been liable for the strip search policy. Roadhouse's claims against the LVMPD are still outstanding.

**James C. Mahan**
**U.S. District Judge**

1    Defendant Clark County, as the prevailing party, submitted its bill of costs to the clerk. (Doc.

2  #78). The clerk taxed costs in the amount of $765.66 against plaintiff. (Doc. # 125).

3    Federal Rule of Civil Procedure 54 creates a presumption that a prevailing party is to be

4  awarded taxable costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944 (9th Cir. 2003).  A

5  district court is accorded discretion when denying the prevailing party costs, but must provide

6  specific reasons. *Id.* at 945.

7    A number of factors have been recognized by the Ninth Circuit that justify not awarding

8  Clark County costs, including: (1) the importance of the issue, (2) the merit of the issue, (3) the

9  complexity of the issues, and (4) the plaintiff's good faith. *See Assoc. of Mexican-American*

10  *Educators v. California*, 231 F.3d 572, 592-93 n.15 (9th Cir. 2000) (en banc).

11    1. <u>The Importance of the Issue</u>

12    Given the outcome of the case could affect countless people and have important implications

13  for individual rights, the importance of the issue is a factor favoring plaintiff's motion. The Ninth

14  Circuit has held that a controversy concerning the methods used to accredit substitute teachers was

15  sufficiently important, affecting "tens of thousands," to justify denying the prevailing party costs.

16  *Assoc. of Mexican-American Educators*, 231 F.3d at 593.  Plaintiff is attempting to bring his claims

17  as a class action to include those arrested for minor crimes who were strip-searched in the presence

18  of other detainees.  Deciding what constitutes a lawful search in this context will directly affect

19  countless people.

20    Further, the issue has broader importance as a constitutional right. In cases involving

21  individual rights, courts should be cautious when increasing the cost of litigation.  *See Stanley v.*

22  *University of Southern California*, 178 F.3d 1069, 1079-80 (9th Cir. 1999) (holding a district court

23  abused its discretion by denying a civil rights plaintiff's motion to set aside costs without considering

24  their limited financial resources and "the chilling effect of imposing such high costs on future civil

25  rights litigants"), *cert. denied*, 528 U.S. 1022 (1999). A detainee retains the "individual's  right to

26  personal security" under the Fourth Amendment. *United States v. Brignoni-Ponce*, 422 U.S. 873, 878

27  (1975). Accordingly, the importance of the claim, both to persons detained in Clark County and with

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  respect to the preservation of individual rights, is a factor in favor of denying the prevailing party
2  costs.

3      2. The Merit of the Issue

4      The objective merit of plaintiff's claims, addressing historically contentious issues, is a factor
5  in favor of not rewarding the prevailing party costs. The constitutional standard imposed on strip
6  searches is contested and in flux. The federal circuits are split over requiring  reasonable suspicion;
7  and the Ninth Circuit, after plaintiff filed its complaint, recently reversed course on the issue. *See*
8  *Bull v. City and County of San Francisco*, 565 F.3d 964, 980 (9th Cir. 2010) (en banc) (overturning
9  a body of Ninth Circuit precedent requiring reasonable suspicion for strip searches). *Contra Roberts*
10 *v. Rhode Island*, 239 F.3d 107, 112 (1st Cir. 2001) (requiring reasonable suspicion to strip search
11 arrestees for minor offenses); *Shain v. Ellison*, 273 F.3d 56, 65 (2d Cir. 2001) (same); *Masters v.*
12 *Crouch*, 872 F.2d 1248, 1255 (6th Cir. 1989) (same). Moreover, the degree of privacy afforded to
13 the legally detained during a strip search, while probably significant, has been left largely undecided
14 in the case law.  *Bull,* 595 F.3d at 973 (citing *Turner v. Safely*, 482 U.S. 78, 89-91 (1987)).

15     Plaintiff claimed the strip search policy was unconstitutional because (1) detainees held for
16 minor crimes were subjected to strip searches without reasonable suspicion and (2) that the searches
17 lacked sufficient privacy being conducted in groups of two or more. Whether or not plaintiff is
18 successful, the claims have objective merit. Thus, the merit of the complaint is a factor in favor of
19 denying the prevailing party costs.

20     3. The Complexity of the Issue

21     The complexity in determining liability for the detention center's policies is another reason
22 why denying the prevailing party costs is appropriate. The parties conducted considerable discovery
23 on the issue and liability could not have been easily discerned at the onset of litigation. As such, the
24 complexity of the issue is a factor in favor of denying the prevailing party costs.

25     4. Plaintiff's Good Faith

26     Finally, plaintiff Roadhouse's good faith in naming Clark County as a defendant is a factor
27 in favor of denying the prevailing party costs. The judgement for the prevailing party did not decide

28

James C. Mahan
U.S. District Judge

on the substance of plaintiff's claims. Clark County was awarded summary judgement because they were not liable for the LVMPD's policies. Plaintiff's claim against the City of Las Vegas ended on the same grounds, and there it was stipulated that plaintiff named the city as a defendant in good faith and the city would not seek costs.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff Dan Roadhouse's motion to set aside the clerk's bill of cost, (doc. #128), totaling $765.66, (doc. # 125), is GRANTED.

DATED July 12, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 4 -