UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAN ROADHOUSE,

    Plaintiff,

v.

LAS VEGAS METROPOLITAN
POLICE DEPARTMENT, et al.,

    Defendants.

2:09-CV-33 JCM (LRL)

**ORDER**

I.    <u>Background</u>

Presently before the court is defendants the Las Vegas Metropolitan Police Department (hereafter "LVMPD") and LVMPD sheriffs and under-sheriffs: Douglas C. Gillespie, Roderick Jett, Raymond J. Flynn, Mike McClary, Ted Moody and Bill Young's (collectively "individual defendants") motion to dismiss. (Doc. #130). Plaintiff Dan Roadhouse (hereafter "plaintiff") filed an opposition to the motion, (doc. #142), to which defendants replied, (doc. #143).

Plaintiff commenced the action in this court on January 6, 2009, (doc. #1) and filed an amended complaint on April 23, 2010, (doc. #126). The amended complaint alleges violations of the Fourth Amendment to the United States Constitution and Article I, section 18 of the Nevada Constitution; in turn, plaintiff is requesting declaratory relief along with a preliminary and permanent injunction. (Doc. #126).

The controversy at bar stems from a strip search performed on plaintiff after he was arrested for reckless driving and before his admission into a detention center operated by the LVMPD. The

**James C. Mahan**
**U.S. District Judge**

1  policy of the detention center is to strip search all pretrial detainees upon admission into the general
2  population. The searches are performed in the presence of other arrestees and there is no
3  requirement for reasonable suspicion. As such, plaintiff claims the policy violates the right to be free
4  from unreasonable searches and seizures pursuant to the United States and Nevada Constitutions.

5  Under Federal Rule of Civil Procedure 12(b)(6), a complaint that lacks a cognizable legal
6  theory or states insufficient facts under a cognizable legal theory may be dismissed as a matter of
7  law. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). The Supreme
8  Court has held that a complaint's factual allegations must be sufficient "to raise a right to relief
9  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a
10 plaintiff must plead more than conclusory allegations and show "plausible liability" to avoid
11 dismissal. *Id.* at 557 n.5. In addition to alleging that plaintiff's constitutional claims do not provide
12 grounds for relief, defendants argue that the individual defendants are shielded from liability under
13 the doctrine of qualified immunity.

14  II.   The Fourth Amendment

15 Plaintiff claims that LVMPD's strip search policy violated the Fourth Amendment because:
16 (1) detainees held for minor crimes were subjected to strip searches without reasonable suspicion
17 and (2) because the searches lacked the requisite privacy being conducted in groups of two or more.

18 Defendants maintain that the case should be dismissed because the Ninth Circuit has ceased
19 to require reasonable suspicion for strip searching detainees arrested for minor crimes. *See Giles v.*
20 *Ackerman*, 746 F.2d 614, 617 (9th Cir. 1985) (per curium) (holding a correctional facility's blanket
21 strip search policy was in violation of the Fourth Amendment), *overruled by Bull v. City and County*
22 *of San Francisco*, 595 F.3d 964, 978-79 (9th Cir. 2010) (en banc). In *Bull*, the court upheld an
23 indiscriminate strip search policy and rejected the reasonable suspicion requirement for strip
24 searching detainees arguing that past Ninth Circuit decisions failed to give proper deference to the
25 policies of prison administrators. *Id.* at 980-81. In light of this development, plaintiff can not
26 maintain that a Forth Amendment violation occurred when he was subjected to a strip search without
27 reasonable suspicion.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

The second contention underlying the Fourth Amendment claim states a plausible right to relief. The privacy afforded to a detainee during a strip search may be a significant factor in determining the procedure's constitutionality. *Bull*, 595 F.3d at 975 n.12, 977 (citing *Turner v. Safely*, 482 U.S. 78, 90 (1978)). In alleging the policy was unconstitutional for being conducted in groups of two or more and in a place lacking privacy, the complaint states a valid claim under the Federal Constitution.

Notwithstanding the plaintiff's valid Fourth Amendment claim, the individual defendants are immune from liability for the alleged constitutional violations. Qualified immunity seeks to ensure that governmental officials have "fair notice" that their actions violate a constitutional right. *Al-Kidd v. Ashcroft*, 598 F.3d 1129, 1134 (9th Cir. 2010). Determining whether officials are shielded by immunity involves a two step inquiry: whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right; and if so, whether the right was clearly established in light of the specific context of the case. *Hope v. Pelzer*, 536 U.S. 730, 736-40 (2002) ("For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.").

Assuming arguendo that a constitutional violation occurred, the right breached would not have been clearly established. LVMPD's policy required that the strip searches be conducted in a changing room along side, and performed by, members of the *same* sex. In *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997), the court held "it is highly questionable" whether there is a right not to be strip searched by an officer of the *opposite* sex, and if so, there would be "no question" that the right was not clearly established. As such, it can not be concluded that the degree of privacy provided in LVMPD's policy was clearly inadequate under the Federal Constitution.

Therefore, while the Fourth Amendment claim against the individual defendants is dismissed pursuant to the doctrine of qualified immunity, it is sustained as to LVMPD.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

### III. The Nevada Constitution

Plaintiff's claim under the Nevada Constitution is essentially identical to its federal counterpart. However, state courts are not necessarily bound by the federal interpretation of the individual rights proscribed in both state and federal law, but "may expand the individual rights of their citizens under state law beyond those provided under the Federal Constitution." *State v. Bayard*, 71 P.3d 498, 502 (Nev. 2003) (citing *Arkansas v. Sullivan*, 532 U.S. 769, 772 (2001). Thus, Nevada law is not bound by the Ninth Circuit's recent reversal on the issue of reasonable suspicion and could extend to its detainees more extensive rights. Therefore, plaintiff has stated a cognizable claim pursuant to the Nevada Constitution as the issue is one of first impression in the wake of *Bull*, supra.

Nevada Revised Statute 41.032 states that government actors following statutory guidelines are immune from actions in connection with their statutory duties. *City of Boulder City v. Boulder Excavating, Inc.*, 191 P.3d 1175, 1179-80 (Nev. 2008). The individual defendants were conducting the strip searches according to the official policy of the detention center and in connection with their statutory duties as sheriffs and undersheriffs. As such, the claim alleging violation of the Nevada Constitution is dismissed with respect to the individual defendants but stands against the LVMPD.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants' motion is dismiss, (doc. # 130), is GRANTED as to the individual defendants: Douglas C. Gillespie, Roderick Jett, Raymond J. Flynn, Mike McClary, Ted Moody and Bill Young.

IT IS FURTHER ORDERED that defendants' motion is dismiss, (doc. # 130), is DENIED as to the Las Vegas Metropolitan Police Department.

DATED August 6, 2010.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -