# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

2:09-CV-33 JCM (LRL)

DAN ROADHOUSE,

    Plaintiff,

v.

LAS VEGAS METROPOLITAN
POLICE DEPARTMENT, et al.,

    Defendants.

# ORDER

Presently before the court is defendant Las Vegas Metropolitan Police Department's ("LVMPD") motion for partial summary judgment. (Doc. #151). The plaintiff has responded (doc. #154), and the defendant has replied (docs. #158, 159).

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c). The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (establishing the standard required to authenticate evidence in the Ninth Circuit).[1]

---

[1] Whereas the parties have failed to properly authenticate the submitted depositions as per the requirements of *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002), the court does not consider that evidence in reviewing the motion for summary judgment.

**James C. Mahan**
**U.S. District Judge**

The defendant urges the court to grant summary judgment in its favor on plaintiff's § 1983 claim, which concerns the constitutionality of group strip searches by LVMPD correctional officers. An entity, such as LVMPD here, may be held liable in a § 1983 action where the municipality is the "moving force," pursuant to some existing policy or custom, behind their employees unconstitutional actions. *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 690–91 (1978). In other words, a municipality cannot be held liable under § 1983 on a theory of respondeat superior. *Id.* at 691.

The defendant argues that summary judgment is appropriate because the alleged conduct of the individual officer in this case was contrary to written LVMPD policy requiring inmates to be separated by privacy partitions while officers conducted strip searches. Additionally, the defendant contends that the plaintiff has no evidence to establish the required elements of deliberate indifference culpability or a direct, causal link between the policy and alleged violation. At most, the defendant claims that the plaintiff has alleged negligence, responsibility for which could be attributed to LVMPD only through respondeat superior.

The court disagrees. In the opposition to the motion for summary judgment, the plaintiff has presented evidence, in the form of emails and internal memoranda, suggesting that, contrary to official policy, the practice of LVMPD correctional officers has been to perform strip searches in group settings.[2] This evidence establishes a dispute of material fact as to whether a de facto policy or custom of performing group strip searches existed and whether supervising officers had the requisite constructive knowledge of that custom. *See Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443–44 (9th Cir. 1989) (holding that the longstanding or widespread nature of a practice supports the inference that policymaking officials may have known of it but failed to stop it).

The burden in motion for summary judgment is on the moving party, here defendant LVMPD, to establish that it is entitled to judgment as a matter of law. *Bagdadi,* 84 F.3d at 1197. The

---

[2] These documents have been properly authenticated as per the requirements of *Orr*. The plaintiff has attached a declaration of Michael J. Flannery as to their authenticity. Also, documents produced by a party is discovery are deemed authentic when offered by the party-opponent. *Maljack Prod., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n. 12 (9th Cir. 1996). The defendant has not contested their authenticity.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  court finds that the defendant has not met its burden.

2  Accordingly,

3  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for

4  partial summary judgment (doc. #151) is DENIED without prejudice.

5  DATED January 31, 2011.

_____
UNITED STATES DISTRICT JUDGE