**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | | |
|---|---|---|
| DAN ROADHOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:09-cv-00033-JCM -VCF |
| v. | ) | |
| | ) | **O R D E R** |
| LAS VEGAS METROPOLITAN POLICE | ) | |
| DEPARTMENT*, et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the court is defendant Las Vegas Metropolitan Police Department's (hereinafter "LVMPD") Motion To Stay Proceedings Pending Ruling From the U.S. Supreme Court. (#192). Plaintiff Dan Roadhouse filed an Opposition (#196), and defendant LVMPD filed a reply (#198). The court held a hearing on January 12, 2012, at 9:00 a.m.

**Background**

Plaintiff Roadhouse's class action complaint stems from strip searches conducted at the Clark County Detention Center (hereinafter "CCDC") at the direction of the LVMPD. (#1). Plaintiff alleges that these searches are conducted pursuant to a "policy and practice [that] does not call for any reasonable suspicion analysis before conducting a strip search," resulting in the deprivation of plaintiff and the proposed class members' rights under the United States Constitution. *Id.*

In plaintiff's amended class action complaint filed on April 23, 2010, he asserted that the CCDC's practice of strip searching *all* individuals without reasonable suspicion also violated rights secured by the Nevada Constitution. (#126). Plaintiff added a claim in his amended class action complaint relating to the strip searches of individuals "in groups of two or more in places and in a manner that provided either no or inadequate privacy." *Id.* Plaintiff proposes two separate classes in this action: (1) those who were strip searched as pretrial detainees without reasonable suspicion after

1   being charged with petty crimes (hereinafter "reasonable suspicion class"), and (2) those who were strip

2   searched as pretrial detainees and/or convicts in groups of two or more in violation of their right to

3   privacy (hereinafter "privacy class"). *Id.*

4          On August 6, 2010, the court dismissed plaintiff's Fourth Amendment claim dealing with the

5   strip searches conducted without reasonable suspicion. (#147).  The court held that, based on *Bull v.*

6   *City and County of San Francisco,* 595 F.3d 964, 978-79 (9th Cir. 2010), which upheld an

7   indiscriminate strip search policy, "plaintiff cannot maintain that a Fourth Amendment violation

8   occurred when he was subjected to a strip search without reasonable suspicion." *Id.*  With regard to the

9   plaintiff's reasonable suspicion claim under the Nevada Constitution, the court held that since "Nevada

10  law is not bound by the Ninth Circuit's recent [decision] on the issue of reasonable suspicion,"

11  plaintiff's claim under the Nevada Constitution survives. *Id.*  Plaintiff's privacy claim relating to being

12  searched in the presence of other detainees also survived dismissal. *Id.*

13  **Motion To Stay**

14         **A.**    **Arguments**

15         In defendant LVMPD's motion to stay, it asserts that the court should "stay further proceedings

16  in the matter as the expected decision by the U.S. Supreme Court [in *Florence v. Board of Chosen*

17  *Freeholders of County of Burlington,* 131 S.Ct. 1816 (2010)]...is substantially likely to affect the

18  outcome of this instant case and be dispositive as to the claims of an entire prospective class of many

19  thousands." (#192).  During the hearing, counsel reiterated LVMPD's position in the motion, that the

20  Supreme Court's decision will "likely address multiple legal issues pertaining to the constitutionality

21  of strip searching at intake," and will "provide substantial guidance on the resolution of the competing

22  arguments in this case."  LVMPD argued that the holding in *Florence* will aid the District Judge in

23  ruling on the motion to certify class with regard to the reasonable suspicion class, which would arguably

24  be a substantially larger class than the privacy class.  Counsel for LVMPD conceded that the Supreme

25  Court is not directly addressing the issues raised by the "privacy class," but asserted that the Supreme

26

1    Court may provide the court with guidance on this issue through dicta or other statements.

2    Plaintiff opposes the stay, and asserts that the question being addressed by the Supreme Court

3    has already been resolved, for purposes of this case, by the Ninth Circuit's decision in *Bull,* and that the

4    Supreme Court action has "absolutely nothing to do with [p]laintiff's group strip search claim [or

5    privacy claim], which is at the heart of this case." (#196).  During the hearing, plaintiff's cousnel

6    expressed the desire to engage in further discovery by conducting several depositions, and asserted that

7    the stay would unreasonably delay those efforts.  Plaintiff's counsel also stated that the Supreme Court

8    will most likely uphold the Third Circuit's decision in *Florence,* and that this decision will have no

9    bearing on the present action, as the parties would be in the same position they are in now.

10   In this regard, defendant LVMPD argued in its motion that *if* the Supreme Court upholds the

11   ruling in *Bull*, and holds that the policy of conducting searches without reasonable suspicion "meet[s]

12   constitutional muster," there is no doubt that the "Nevada Constitution will be coextensively interpreted

13   on this issue of national scope." (#192).

14   **B.      Relevant Law**

15   "The trial court possesses the inherent power to control its own docket and calendar," and may

16   stay a case pending before it.  *Mediterranean Enters., Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1465

17   (9th Cir. 1983) (citing *Leyva v. Certified Grocers of Cal., Ltd.,* 593 F.2d 857, 863-64 (9th Cir. 1979).

18   In determining whether or not to issue a stay, the court must weigh the competing interests of the

19   parties, including (1) the possible damage which may result from the granting of a stay, (2) the hardship

20   or inequity which a party may suffer in being required to go forward, and (3) the orderly course of

21   justice measured in terms of the simplifying or complicating of issues, proof, and questions of law

22   which could be expected to result from a stay.   *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th

23   Cir.2005).

24   **C.      Discussion**

25   The court finds that with regard to the third factor, the Supreme Court's decision could certainly

26   
3

1    "simplify" issues before the court and the parties, and aid in the speedy resolution of the action while

2    conserving judicial resources and the parties' time and money.  *Id.*   After weighing the possible

3    hardships and damages resulting from the stay, the court determined that a partial stay would create an

4    equitable resolution.  The court stated that since the plaintiff expressed a concern with the inability to

5    conduct depositions during a stay and the defendant's main concern with the stay was with regard to the

6    motion to certify class, the stay should  permit limited discovery to continue.  The court ordered the

7    parties to prepare and submit for the court's review a joint report or stipulation outlining the limited

8    discovery that the parties agree is necessary and would not be futile in light of the upcoming Supreme

9    Court decision.  If the parties are unable to agree on what discovery should be permitted, each party may

10   state in the report its position and the arguments in support thereof.  This report or stipulation is due on

11   or before January 26, 2012.

12        The court also denied the motion to strike the response to motion (certain exhibits

13   thereto)(#186) and the motion to strike the answer to the amended complaint (#193) without prejudice.

14   In addition to submitting the report regarding conducting limited discovery, the parties are ordered to

15   submit to the court a joint status report within 14 days of the Supreme Court issuing its ruling,

16   identifying what motions are still material to the dispute and providing a supplemental briefing schedule

17   if appropriate.

18        Accordingly, and for good cause shown,

19        IT IS ORDERED that defendant Las Vegas Metropolitan Police Department's Motion To Stay

20   Proceedings Pending Ruling From the U.S. Supreme Court (#192) is GRANTED in part, as discussed

21   above.  The parties shall file a joint report or stipulation on or before January 26, 2012, outlining the

22   limited discovery to be conducted during the stay.

23        IT IS THEREFORE ORDERED that the above captioned case is STAYED until further notice

24   from the court.  The parties shall file a joint status report as described above within fourteen (14) days

25   from the Supreme Court issuing its ruling.

26

4

1    IT IS FURTHER ORDERED that the plaintiff's Motion To Strike Response to Motion (Certain

2    Exhibits Thereto) (#186) is DENIED without prejudice.

3    IT IS FURTHER ORDERED that the plaintiff's Motion To Strike Answer To Amended

4    Complaint (#193) is DENIED without prejudice.

5    DATED this 12th day of January, 2012.

6

7    _____

8    **CAM FERENBACH**
     **UNITED STATES MAGISTRATE JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26