UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAN ROADHOUSE,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>Defendants. | 2:09-CV-33 JCM (VCF) |

**ORDER**

Presently before the court is plaintiff Dan Roadhouse's motion for district judge to reconsider a prior order. (Doc. # 239). Defendant Las Vegas Metropolitan Police Department ("LVMPD") filed a response in opposition (doc. # 244), and plaintiff filed a reply (doc. # 245).

**I. Background**

Plaintiff attempted to certify two separate class actions. First, plaintiff attempted to certify a group search class that included all detainees of the Clark County Detention Center ("CCDC") who were strip searched in groups of two or more. The court denied certification because individual questions and answers predominated over common question and answers. (*See* doc. # 235); *Roadhouse v. Las Vegas Metro. Police Dep't.*, 2013 WL 1181586, – F.R.D. –, at *7-9 (D. Nev. 2013).

Second, plaintiff attempted to certify a class that included all detainees at CCDC that were strip searched upon admission to the general population without reasonable suspicion. This court denied certification holding that a suspicionless strip search upon admission into a jail facility did not violate the Fourth Amendment or Article I, Section 18 of the Nevada Constitution. (*See* doc. # 235); *Roadhouse*, 2013 WL 1181586, at *11.

Plaintiff moves the court to reconsider its prior order pursuant to Federal Rule of Civil Procedure 59(e). For the reasons stated in section III infra, the court denies the motion.

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in the earlier litigation." *Id.* (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000)).

## III. Discussion

Plaintiff takes exception with the court's decision to deny certification of the group strip search class. Plaintiff does not contest the denial of certification for the suspicionless strip search class.

Plaintiff moves the court to reconsider the denial of the group strip search class for two reasons. First, plaintiff argues that the court made clear errors in finding certain facts against plaintiff. Second, plaintiff argues that the court went too far into the merits at the class certification stage.

Defendants counter each of these arguments. Defendant argues that plaintiff is not attacking the substance of the court's reasoning, but, rather, attempting certification for a second time. Defendants characterize plaintiff's motion for reconsideration as "a scant two and one half page memorandum that is barren of evidence and feeble on legal argument." (Doc. # 244; 3:9-10). The court agrees with that characterization and denies the motion for reconsideration for the reasons stated *infra*.

*A. Factual Findings*

Plaintiff argues the court committed clear error in two ways. First, plaintiff argues that the court labeled the document of former correctional officer James Burt as an "affidavit" instead of a "deposition" when discussing the document's relevance for class certification. This is true. However, defendant points out, and plaintiff does not counter in his reply, that the court correctly characterized the content of Burt's deposition. The fact that the court called the document an "affidavit" instead of a "deposition" in its order is irrelevant and a wholly inadequate reason to file a motion for reconsideration.

Next, plaintiff argues the court improperly considered and relied on the dozens of affidavits provided by defendant in support of its opposition to class certification. Plaintiff characterizes this evidence as "cookie-cutter" and "clearly drafted by counsel." The court disagrees. Plaintiff already made these arguments in his class certification motion and the court already rejected these arguments in its order. A motion for reconsideration is not a proper time to raise (or re-raise) these arguments. *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) ("Despite what [defendant] appears to think, this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure. Motions such as this reflect a fundamental misunderstanding of the limited appropriateness of motions for reconsideration.").

Additionally, plaintiff elected not to depose many of the officers who provided affidavits that plaintiff claims are "cookie-cutter." The court permitted plaintiff to depose all of these officers while the case was stayed pending a Supreme Court decision. Plaintiff chose not to depose any of the officers whose affidavits plaintiff now labels as "cookie-cutter,"and instead made uncompelling

James C. Mahan
U.S. District Judge

arguments in his motion for class certification that the affidavits were "cookie-cutter." The court rejects the argument for the second time.

*B. Merits*

Plaintiff argues that this court went too far into the merits when denying the class certification. Defendant argues that this court did not deny class certification because it found against the lone named plaintiff, but, rather, determined that plaintiff had not met the exacting Rule 23 requirements so that he could represent former CCDC detainees. The court agrees with defendants.

Again, plaintiff does not take exception with a specific line of reasoning in the court's order. Plaintiff states only in wholly conclusory fashion that the court ignored plaintiff's evidence that LVMPD was deliberately indifferent to following its policy prohibiting group strip searches. The assertion is untrue. Plaintiff does not respond to any of the reasons the court denied certification, including: (1) any of the fourteen reasons the court provided as to why individual questions and answers predominated, preventing plaintiff from meeting the predominance requirement under Rule 23(b)(3); (2) the group strip search could not meet the superiority requirements of Rule 23(b)(3); or, (3) that a Rule 23(b)(2) class was inappropriate because damages were more than "incidental."

The court did not did not overly scrutinize the merits. The court took no position on whether this plaintiff could recover against the LVMPD for his alleged group strip search. The court took no position on whether any other detainee at CCDC could recover against LVMPD for an alleged group strip searched. The court held only, which is exactly what is necessary to scrutinize in a class certification, that plaintiff had not demonstrated sufficient evidence that a pattern of deliberate indifference existed such that resolution by class action (which is the exception in civil litigation) was a more appropriate avenue of civil litigation in this case.

Plaintiff is not actually presenting the motion based on one of the three reasons for a motion for reconsideration (new evidence, intervening change in the law, or clear error), but hoping the court will come out a different way if it thinks about the issue again. This is not the true purpose of a motion for reconsideration. *See Teller v. Dogge*, no. 2:12-cv-591-JCM-GWF, 2013 WL 508326,

James C. Mahan
U.S. District Judge

at *6 n. 6 (D. Nev. Feb. 8, 2013) ("Motions for reconsideration are not appropriate when a party wants the court to think about the issue again in the hope that the court will come out the other way the second time.").

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for district judge to reconsider a prior order (doc. # 239) be, and the same hereby, is DENIED.

DATED June 28, 2013.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**