1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10

2:09-CV-33 JCM (VCF)

DAN ROADHOUSE,

11
           Plaintiff,

12

13
v.

14
LAS VEGAS METROPOLITAN
POLICE DEPARTMENT, et al.,

15

16
           Defendants.

17

**ORDER**

18
      Presently before the court is plaintiff Dan Roadhouse's motion for district judge to reconsider

19
a prior order.  (Doc. # 239).  Defendant Las Vegas Metropolitan Police Department ("LVMPD")

20
filed a response in opposition (doc. # 244), and plaintiff filed a reply (doc. # 245).

21
**I.**     **Background**

22
      Plaintiff attempted to certify two separate class actions.  First, plaintiff attempted to certify

23
a group search class that included all detainees of the Clark County Detention Center ("CCDC") who

24
were strip searched in groups of two or more.  The court denied certification because individual

25
questions and answers predominated over common question and answers.  (*See* doc. # 235);

26
*Roadhouse v. Las Vegas Metro. Police Dep't.*, 2013 WL 1181586, – F.R.D. –, at *7-9 (D. Nev.

27
2013).

28

**James C. Mahan**
**U.S. District Judge**

1    Second, plaintiff attempted to certify a class that included all detainees at CCDC that were

2    strip searched upon admission to the general population without reasonable suspicion.  This court

3    denied certification holding that a suspicionless strip search upon admission into a jail facility did

4    not violate the Fourth Amendment or Article I, Section 18 of the Nevada Constitution.  (*See* doc. #

5    235); *Roadhouse*, 2013 WL 1181586, at *11.

6    Plaintiff moves the court to reconsider its prior order pursuant to Federal Rule of Civil

7    Procedure 59(e).  For the reasons stated in section III infra, the court denies the motion.

8    **II.    Legal Standard**

9    A motion for reconsideration "should not be granted, absent highly unusual circumstances."

10   *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Reconsideration "is

11   appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear

12   error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

13   controlling law."  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

14   Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the

15   rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation

16   of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations

17   omitted).  "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first

18   time when they could reasonably have been raised in the earlier litigation."  *Id.* (citing *Kona Enters.,*

19   *Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000)).

20   **III.    Discussion**

21   Plaintiff takes exception with the court's decision to deny certification of the group strip

22   search class.  Plaintiff does not contest the denial of certification for the suspicionless strip search

23   class.

24   Plaintiff moves the court to reconsider the denial of the group strip search class for two

25   reasons.  First, plaintiff argues that the court made clear errors in finding certain facts against

26   plaintiff.  Second, plaintiff argues that the court went too far into the merits at the class certification

27   stage.

28

**James C. Mahan**
**U.S. District Judge**

1    Defendants counter each of these arguments.  Defendant argues that plaintiff is not attacking

2    the substance of the court's reasoning, but, rather, attempting certification for a second time.

3    Defendants characterize plaintiff's motion for reconsideration as "a scant two and one half page

4    memorandum that is barren of evidence and feeble on legal argument." (Doc. # 244; 3:9-10).  The

5    court agrees with that characterization and denies the motion for reconsideration for the reasons

6    stated *infra*.

7         A.   *Factual Findings*

8    Plaintiff argues the court committed clear error in two ways.  First, plaintiff argues that the

9    court labeled the document of former correctional officer James Burt as an "affidavit" instead of a

10   "deposition" when discussing the document's relevance for class certification.   This is true.

11   However, defendant points out, and plaintiff does not counter in his reply, that the court correctly

12   characterized the content of Burt's deposition.   The fact that the court called the document an

13   "affidavit" instead of a "deposition" in its order is irrelevant and a wholly inadequate reason to file

14   a motion for reconsideration.

15   Next, plaintiff argues the court improperly considered and relied on the dozens of affidavits

16   provided by defendant in support of its opposition to class certification.  Plaintiff characterizes this

17   evidence as "cookie-cutter" and "clearly drafted by counsel." The court disagrees.  Plaintiff already

18   made these arguments in his class certification motion and the court already rejected these arguments

19   in its order.  A motion for reconsideration is not a proper time to raise (or re-raise) these arguments.

20   *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) ("Despite

21   what [defendant] appears to think, this Court's opinions are not intended as mere first drafts, subject

22   to revision and reconsideration at a litigant's pleasure.  Motions such as this reflect a fundamental

23   misunderstanding of the limited appropriateness of motions for reconsideration.").

24   Additionally, plaintiff elected not to depose many of the officers who provided affidavits that

25   plaintiff claims are "cookie-cutter." The court permitted plaintiff to depose all of these officers while

26   the case was stayed pending a Supreme Court decision.  Plaintiff chose not to depose any of the

27   officers whose affidavits plaintiff now labels as "cookie-cutter,"and instead made uncompelling

28

**James C. Mahan**
**U.S. District Judge**

1   arguments in his motion for class certification that the affidavits were "cookie-cutter." The court
2   rejects the argument for the second time.

3       *B.    Merits*

4       Plaintiff argues that this court went too far into the merits when denying the class
5   certification. Defendant argues that this court did not deny class certification because it found
6   against the lone named plaintiff, but, rather, determined that plaintiff had not met the exacting Rule
7   23 requirements so that he could represent former CCDC detainees. The court agrees with
8   defendants.

9       Again, plaintiff does not take exception with a specific line of reasoning in the court's order.
10  Plaintiff states only in wholly conclusory fashion that the court ignored plaintiff's evidence that
11  LVMPD was deliberately indifferent to following its policy prohibiting group strip searches. The
12  assertion is untrue. Plaintiff does not respond to any of the reasons the court denied certification,
13  including: (1) any of the fourteen reasons the court provided as to why individual questions and
14  answers predominated, preventing plaintiff from meeting the predominance requirement under Rule
15  23(b)(3); (2) the group strip search could not meet the superiority requirements of Rule 23(b)(3); or,
16  (3) that a Rule 23(b)(2) class was inappropriate because damages were more than "incidental."

17      The court did not did not overly scrutinize the merits. The court took no position on whether
18  this plaintiff could recover against the LVMPD for his alleged group strip search. The court took
19  no position on whether any other detainee at CCDC could recover against LVMPD for an alleged
20  group strip searched. The court held only, which is exactly what is necessary to scrutinize in a class
21  certification, that plaintiff had not demonstrated sufficient evidence that a pattern of deliberate
22  indifference existed such that resolution by class action (which is the exception in civil litigation)
23  was a more appropriate avenue of civil litigation in this case.

24      Plaintiff is not actually presenting the motion based on one of the three reasons for a motion
25  for reconsideration (new evidence, intervening change in the law, or clear error), but hoping the court
26  will come out a different way if it thinks about the issue again. This is not the true purpose of a
27  motion for reconsideration. *See Teller v. Dogge*, no. 2:12-cv-591-JCM-GWF, 2013 WL 508326,
28

**James C. Mahan**
**U.S. District Judge**

1   at *6 n. 6 (D. Nev. Feb. 8, 2013) ("Motions for reconsideration are not appropriate when a party

2   wants the court to think about the issue again in the hope that the court will come out the other way

3   the second time.").

4        Accordingly,

5        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for

6   district judge to reconsider a prior order (doc. # 239) be, and the same hereby, is DENIED.

7        DATED June 28, 2013.

8

9   _____

10             **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 5 -